IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JOHN K. SCHIEFER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:12-02067 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 14, 2012, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner alleges that Respondents improperly revoked his placement in a Residential Re-Entry Center [RRC]. (Id.) Petitioner explains that he successfully completed the RDAP program on September 29, 2011. (Id., p. 3.) Petitioner states that "[a]s a result of his successful completion, the Petitioner was awarded additional good time credit pursuant to 18 U.S.C. § 36216 in the amount of 8 months good time and 6 months halfway house." (Id., pp. 3 - 4.) Petitioner claims that on October 3, 2011, he was released to Geo Care Marvin Gardens, "a halfway-house or residential re-entry center," located in Los Angeles, California. (Id., p. 4.) Petitioner states that after his arrival at the halfway house, he was visited by a United States Probation Officer regarding the conditions of his supervision. (Id.) Petitioner alleges that he "presented the representative with questions regarding three specific points: (1) use of computers; (2) cell phone possession; and (3) job approval." (Id.) Petitioner claims that "the representative of the U.S. Probation Department referred the Petitioner to Ms. McNeal, his assigned probation officer." (Id., p. 5.) Petitioner asserts that he met with Ms. McNeal and his Case Manager, Kendra Mendoza, on

October 14, 2011. (Id.) Ms. McNeal allegedly informed Petitioner that it was permissible to use a computer for job searches. (Id.) Petitioner further states that he discussed his release plan, which "included a 'safety net' of friends, family, former employers and co-workers." (Id., p. 6.) Petitioner states that he "advised Ms. Mendoza and Ms. McNeal that at most Facebook might be used as it consisted of this 'safety net' [and] [n]o objections were made." (Id.) Petitioner alleges that a job application required a social media link and "petitioner gave his existing LinkedIn account . . . and also created a new Facebook account." (Id., p. 8.) Petitioner explains that he created a new Facebook account because he "wanted a 'clean' account where he was able to limit the 'friend list' to appropriate friends as taught to him via the BOP's RDAP Program." (Id., p. 9.) Petitioner contends that the Facebook account was "job related and also was used as a 'safety net' contact platform." (Id.) Petitioner states that on November 4, 2011, he "was arrested by officers from the United States Marshall Service . . . and was given an incident report for 'unauthorized use of computer equipment.'" (Id., p. 10.) Petitioner explains that the incident report alleged that "through an investigation of inmate Schiefer's online Facebook account, it was determined that he was accessing the internet without authorization to update his profile." (Id.) Petitioner states that on November 8, 2011, "Case Managers Kendra Mendoza and Horace Jamison went to MDC-LA to conduct petitioner's disciplinary investigation" and he was assigned a staff representative. (Id., p. 11.) Petitioner contends that he requested witnesses to be called at the disciplinary hearing, but his request was denied. (Id., pp. 11 - 12.) Petitioner further complains that he was "asked to give a statement," but "there was not enough space on the interview/statement form to write petitioner's entire statement." (Id., p. 11.) Petitioner contends that he was then "informed that he was not going to be afforded a hearing and an opportunity to present evidence and call witnesses." (Id., p. 12.)

Petitioner asserts that he was later informed that he lost "some good time" as a result of the incident report. (Id., pp. 12 - 13.) Petitioner complains that on April 7, 2012, he "was finally given this report already past his RRC date and thus infringing on earned § 3621(e) good time." (Id., p. 13.) Petitioner, therefore, argues that his Due Process rights were violated and his good time credit was improperly revoked. (Id., pp. 14 - 16.) As relief, Petitioner requests his immediate release from custody. (Id., p. 17.)

On June 20, 2012, Petitioner filed his Application to Proceed Without Prepayment of Fees. (Document No. 5.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.[1] Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 5, 2012.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 5.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific

written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge